UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRUCE KELLY,<br><br>　　　　　Defendant. | Case No. CR18-044-RSL<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE |

This matter comes before the Court on defendant Bruce Kelly's "Motion for Early Termination of Supervised Release" (Dkt. # 6).

On April 19, 2012, defendant pleaded guilty to (1) receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and (2) possession of firearms by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Dkt. # 2-3. On October 12, 2012, the U.S. District Court for the Northern District of New York sentenced defendant to 87 months of imprisonment and 20 years of supervised release. Dkt. # 2-4. Defendant began his term of supervision on January 21, 2018. Dkt. # 1. This Court accepted jurisdiction over defendant on February 21, 2018. Id.

The Court may "after considering the factors set forth in [18 U.S.C. § 3553(a)] . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e). The Court enjoys "discretion to consider a wide range of circumstances when determining whether to grant early termination." United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014) (citing United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999)).

ORDER DENYING MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE - 1

The Court commends defendant's progress, including his commitment to mental health treatment, stable employment, and prosocial relationship with his fiancée.  Considering, however, that this was not defendant's first child pornography offense, see Dkt. # 2-3 at 8, and the guidance of defendant's mental health treatment provider that it is appropriate for defendant to reside with his fiancée and her family *so long as* he maintains treatment check-ins, participates in biannual polygraph examinations, and maintains probation and treatment guidelines regarding extended incidental contact with minors, see Dkt. # 6-1 at 3, the Court finds that it would be inappropriate to terminate his term of supervised release.  See 18 U.S.C. §§ 3583(e)(1), 3553(a).

Accordingly, defendant's request for early termination of supervised release (Dkt. # 6) is DENIED.  Nonetheless, the Court supports defendant's upcoming marriage to Ms. Rosalie Bonifacio.  The Court also supports allowing defendant to reside with her and her two children in conformity with the recommendations of his mental health treatment provider.  The Court is amenable to amending the terms of his supervised release to reflect this and is also amenable to transferring jurisdiction over defendant to the U.S. District Court for the District of Oregon.

IT IS SO ORDERED.

DATED this 21st day of July, 2022.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE - 2